28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Alberto TERRAZA-DOMINGUEZ, Defendant-Appellant.
 No. 93-10704.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Alberto Terraza-Dominguez appeals his 60-month sentence imposed following entry of a guilty plea to illegal reentry after deportation in violation of 8 U.S.C. Sec. 1326(b)(1).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Terraza-Dominguez's counsel filed a brief identifying two possible issues for review: (1) the district court erred by denying Terraza-Dominguez a downward departure pursuant to U.S.S.G. Sec. 5K2.0 based on his extraordinary acculturation in the United States, and (2) Terraza-Dominguez is entitled to specific performance of his plea agreement.[1] Counsel also filed a motion to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. Sec. 1291. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 4
 A defendant may waive the right to appeal in a plea agreement. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 5
 Here, the plea agreement provided that Terraza-Dominguez "expressly waives the right to appeal his sentence on any ground ... provided that defendant receives a sentence that ... is within or below the applicable guideline range." The plea agreement further stated that Terraza-Dominguez understood "that the maximum penalty ... is five years incarceration." The district court imposed a 60-month sentence of imprisonment, a sentence within the applicable Guideline range.
 
 
 6
 Terraza-Dominguez does not suggest that his waiver was involuntary or unknowing. See United States v. DeSantiago-Martinez, 980 F.2d 582, 582-83 (9th Cir.1992) (waiver of right to appeal valid only if knowing and voluntary). Although counsel claims that Terraza-Dominguez "could make an argument concerning specific performance of the plea agreement," counsel does not identify that argument, nor could we discern a viable one. Furthermore, counsel acknowledges that the government performed its obligations under the plea agreement. Cf. United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir.1993) (government's breach of plea agreement invalidates waiver of right to appeal). Because the sentence imposed was in accordance with the plea agreement, we enforce the waiver of the right to appeal. See Bolinger, 940 F.2d at 480.
 
 
 7
 The motion of counsel to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review